UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| MICHAEL P. LAVALLEE, SR. AND SHARON A. LAVALLEE | ) ) ) ) | Case No. 14-41386-MSH |
| Debtors | ) ) | |
| ESTATE OF PHILIP L. LAVALLEE BY CHRISTINE MAKARA, PERSONAL REPRESENTATIVE | ) ) ) ) | Adversary Proceeding No. 14-04088 |
| Plaintiff | ) ) | |
| v. | ) ) | |
| MICHAEL P. LAVALLEE, SR. | ) ) | |
| Defendant | ) ) ) | |

**MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO INTERVENE**

This adversary proceeding arises from claims asserted against the debtor, Michael P. Lavallee, Sr., by his sister, Christine Makara. At the time she filed the complaint, she was the personal representative of their deceased father's estate. Mr. Lavallee has moved to dismiss the complaint because Ms. Makara no longer holds that position. Conceding the point, Ms. Makara has filed a motion to intervene individually as a plaintiff. For the reasons discussed below, the motion to dismiss will be denied and Ms. Makara will be permitted to intervene.

1

Facts

The relevant facts are taken from the non-conclusory allegations and documents presented by Ms. Makara in support of her motion to intervene, the court's dockets in the main case and this adversary proceeding and the schedules and statements accompanying the Lavallees' bankruptcy petition. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 543 (1st Cir. 2006) (citing to *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001) for the proposition that a court "is required to accept as true the non-conclusory allegations made in support of an intervention motion"); *Butler v. Candlewood Rd. Partners, LLC (In re Raymond)*, 529 B.R. 455, 494 (Bankr. D. Mass. 2015) (noting that "[t]he Court may take judicial notice of its own docket"); *Sunshine Three Real Estate Corp. v. Housman (In re Sunshine Three Real Estate Corp.)*, 426 B.R. 6, 21 (Bankr. D. Mass. 2010) (stating that "[t]he Court takes judicial notice of the Debtor's schedule[s]"). The court "also consider[s] uncontroverted facts established elsewhere in the record." *Kellogg,* 440 F.3d at 543.

Mr. Lavallee and his wife, Sharon A. Lavallee, filed a joint voluntary petition for relief under chapter 7 of the Bankruptcy Code (which is title 11 of the United States Code) on June 19, 2014. According to schedule A (real property) of the schedules of assets and liabilities accompanying their petition, the Lavallees jointly own a residence located at 185 Nugget Drive[1] in Charlton, Massachusetts. On their amended schedule C (exempt property) they claim a $43,252.49 exemption in the property based on Bankruptcy Code § 522(d)(1). Their schedule D (creditors holding secured claims) discloses that Sovereign Bank holds a mortgage on the

---

[1] The plaintiff's reference in the complaint to 185 Mugget Drive appears to be an error, as the property is described as 185 Nugget Drive in all other pleadings.

2

property "in the name of deceased father Philip Lavallee." It appears that the Lavallees have been residing in the Charlton property since the August 2013 death of Philip Lavallee (to avoid confusion, hereinafter Philip Lavallee will be referred to as "Philip" and the debtor as "Mr. Lavallee").

On September 25, 2014, Mr. Lavallee's sister, Ms. Makara,[2] in her capacity as personal representative of Philip's estate, commenced this adversary proceeding against Mr. Lavallee. According to her complaint, Mr. Lavallee was the named executor of Philip's estate under his will, but he "fail[ed] to file the will or seek appointment as personal representative for more than a year." Compl. ¶ 12, ECF No. 1. As a result, Ms. Makara was appointed personal representative of Philip's estate by the Massachusetts Probate Court and the will was allowed by the court on August 27, 2014.

Ms. Makara alleges in her complaint that Mr. Lavallee made unauthorized cash withdrawals and transfers from Philip's bank accounts and forged Philip's signature on a check. She invokes § 523(a)(2)(A) and (a)(4) of the Bankruptcy Code as the basis for seeking a judgment that any debts owed by Mr. Lavallee to Philip's estate stemming from these actions be determined nondischargeable. Ms. Makara also seeks under § 727(a)(3) a denial of Mr. Lavallee's discharge of *any* debts, because Mr. Lavallee refused or neglected to turn over to Ms. Makara estate records after she was appointed personal representative. Finally, Ms. Makara objects to Mr. Lavallee's discharge under § 727(a)(4)(A) of the Code, claiming that Mr. Lavallee made knowing and fraudulent false oaths or accounts by failing to properly disclose in his

---

[2] The court assumes that "Makara" is the correct spelling, although both parties have used "Makara" and "Markara" interchangeably throughout their pleadings.

3

bankruptcy case his 1/3 beneficial interests in the Charlton property and in Philip's estate, as well as his ownership of a certain tractor. The complaint alleges that, rather than owning the Charlton property jointly with his wife as stated in the Lavallees' schedule A, the Charlton property is owned by a trust of which Mr. Lavallee, Ms. Makara and a third sibling own equal beneficial interests. According to the complaint, Mr. Lavallee, as a beneficiary under Philip's will, also shares equally with his siblings ownership of Philip's personal property.

On November 12, 2014, after Mr. Lavallee filed his answer and affirmative defenses to the complaint, the probate court removed Ms. Makara from her position as personal representative of Philip's estate and appointed attorney Mark Lee as special representative in her stead.[3] Mr. Lee has chosen not to pursue the estate's claims in this adversary proceeding. In their pleadings, both Ms. Makara and Mr. Lavallee refer to a January 13, 2015, letter sent by Mr. Lee, in which he states that:

> Based on my inquiry of the debtor, Michael Lavallee at the 341 Meeting . . . I will <u>not</u> be filing a motion to substitute myself as successor personal representative in the action originally institute by Ms. Markara [sic].
>
> While the debtor may have failed to exercise reasonable due diligence in securing the assets of the estate after his father died, I have

---

[3] Mr. Lavallee attached to his motion to dismiss a copy of a Massachusetts probate and family court order dated November 12, 2014, which vacates Ms. Makara's appointment as executrix and appoints Mr. Lee as special personal representative. *See* Mot. to Dismiss, ECF No. 41. Ms. Makara states in her motion to intervene that she received notice of these changes on December 19, 2014. *See* Mot. for Intervention, ECF No. 44.

4

> received no credible evidence that anything rising to the seriousness of the defalcations alleged in the adversary proceeding currently pending before the court may have occurred or that further pursuit of these allegations will result in any of the debtor's scheduled debts being determined non-dischargeable for pursuit by the estate at a later time.
>
> Therefore, I will not be filing an appearance in the adversary proceeding or requesting that I be substituted as a party. [4]

See Ex., ECF No. 52.

On December 22, 2014, Mr. Lavallee moved to dismiss the complaint because Ms. Makara was no longer the personal representative of Philip's estate. The next day Ms. Makara filed an opposition to Mr. Lavallee's motion to dismiss and a motion to intervene individually as plaintiff. After a hearing, the parties were permitted to file further memoranda on the issue of Ms. Makara's standing to intervene individually. Ms. Makara and Mr. Lavallee have filed their memoranda and these motions are now ripe for adjudication.

Positions of the Parties

Mr. Lavallee moves to dismiss the complaint because Ms. Makara lacks standing now that she is no longer the personal representative of Philip's estate. He wants the case dismissed under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(h)(3), made applicable by Federal

---

[4] Mr. Lavallee submitted the letter as an exhibit to his motion to dismiss and his opposition to Ms. Makara's motion to intervene. *See* Ex., ECF No. 52. Ms. Makara references this letter when stating in her memorandum on standing that "[t]he successor personal representative's refusal to pursue the claims of the estate is a matter of record in this Adversary Proceeding." Makara's Mem. Supp. ¶ 1, ECF No. 65.

5

Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7012(b), because if Ms. Makara does not have standing, the court does not have subject-matter jurisdiction over this dispute.

Ms. Makara acknowledges that she is no longer the personal representative of Philip's estate but nonetheless seeks to intervene in this adversary proceeding. She asserts that she has the right to intervene under Fed. R. Civ. P. 24(a) or that the court should permit her to intervene under Fed. R. Civ. P. 24(b) (both rules are made applicable to this proceeding by Fed. R. Bankr. P. 7024), because Mr. Lee refused to prosecute this adversary proceeding on behalf of Philip's estate. She suggests that Mass. Gen. Laws ch. 230, § 5 allows her to prosecute those claims on behalf of Philip's estate.

Mr. Lavallee responds that Ms. Makara does not have the right and should not be permitted to intervene as plaintiff because Mr. Lee represents the interests of the beneficiaries of Philip's estate. If Ms. Makara believes Mr. Lee has neglected his duties, Mr. Lavallee suggests, she can petition the probate court for his removal. He asserts in a footnote in his memorandum on standing that Mass. Gen. Laws ch. 230, § 5 "only allows an heir to file a civil action in the capacity of representing the probate estate, not individually." Def.'s Standing Mem. 6 n.6, ECF No. 68. Finally, Mr. Lavallee seeks denial of Ms. Makara's motion to intervene because it does not comply with Fed. R. Civ. P. 24(c)'s requirement that it be accompanied by a pleading stating the claims for which she seeks intervention.

Legal Framework

Fed. R. Civ. P. 24 sets forth the ground rules for intervention. A party must file timely a motion to intervene that "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *See* Fed. R Civ. P. 24(a), (b)

6

and (c). If a party seeks intervention as of right, the court must permit that party to intervene if the party:

>   (1) is given an unconditional right to intervene by a federal statute; or
>
>   (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Also, the court may at its discretion "permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "[U]nduly delay or prejudice [of] the adjudication of the original parties' rights" are considerations in the court's exercise of its discretion to grant a motion for permissive intervention. Fed. R. Civ. P. 24(b)(3).

Massachusetts General Laws chapter 230, § 5 provides that:

> It shall be unnecessary to remove an executor or administrator in order that an action to enforce a claim in favor of the estate may be brought by an administrator to be appointed in his place, when he refuses to bring such action at the request of an heir, legatee or creditor, or is unable to do so by reason of his interest or otherwise, but an heir, legatee or creditor having an interest in the enforcement of any such claim may bring a civil action to enforce it for the benefit of the estate in like circumstances and in like manner as a person beneficially

7

interested in a trust fund may bring an action to enforce a claim in favor of such fund . . ."

Discussion

Mr. Lavallee is correct that Ms. Makara's motion to intervene does not comply with Fed. R. Civ. P. 24(c)'s requirement that the motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). But the purpose of this requirement is to ensure that the other parties are aware of "the claimant's position, the nature and basis of the claim asserted, and the relief sought." *Dillard v. City of Foley*, 166 F.R.D. 503, 506 (M.D. Ala. 1996). Ms. Makara has made clear in her motion to intervene that she seeks to pursue all the claims asserted in the complaint. Mr. Lavallee has received adequate notice of Ms. Makara's claims and thus the motion to intervene will not be dismissed on procedural grounds. *Cf. Candelario*, 746 F.3d at 33–34 (addressing the merits of an appeal regarding a motion to intervene that was not accompanied by a proposed pleading).

As to the substance of Ms. Makara's motion to intervene, Fed. R. Civ. P. 24(a) mandates that "the court must permit anyone to intervene who" files a timely motion to do so and satisfies either subsections (1) or (2) of the rule. Mr. Lavallee does not dispute that the motion, filed shortly after Ms. Makara learned of her removal as representative of Philip's estate, was timely filed. Thus the intervention analysis turns on whether the specific requirements of subsection (1) or (2) of Fed. R. Civ. P. 24(a) have been met. Subsection 1 is not applicable here so Ms. Makara must establish her right to intervene under subsection 2.

To intervene as of right under Fed. R. Civ. P. 24(a)(2), Ms. Makara must establish "[(i)] the existence of an interest relating to the property or transaction that forms the basis of the

8

pending action; [(ii)] a realistic threat that the disposition of the action will impede [her] ability to protect that interest; and [(iii)] the lack of adequate representation of [her] position by any existing party." See *Candelario-Del-Moral v. UBS Fin. Servs. (In re Efron)*, 746 F.3d 30, 35 (1st Cir. 2014) (quoting *R&G Mort. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009)). Ms. Makara must make this showing regardless of whether she has standing under any state statute. See *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 208 (1st Cir. 1998) ("A state statute can inform the Rule 24(a)(2) calculus, but it cannot displace the requirement that a would-be intervenor satisfy each of the rule's prerequisites.*"); cf. Griffin v. Lee*, 621 F.3d 380, 389 (5th Cir. 2010) ("In a diversity case, the substantive right giving rise to intervention will likely originate from state law, but federal procedural rules will dictate whether the party is allowed to intervene.").

Ms. Makara satisfies the first of Fed. R. Civ. P. 24(a)(2)'s requirements because, as an estate beneficiary, she has "an interest relating to the property or transaction that forms the basis of the pending action." The pending action involves objections to discharge and dischargeability of Mr. Lavallee's debts based upon, among other things, Mr. Lavallee's alleged mismanagement of property of Philip's estate and his refusal to turn over estate records. Ms. Makara has an interest relating to this action because she claims to be one of the three beneficiaries named in Philip's will. If Mr. Lavallee's conduct has adversely affected Philip's estate and its beneficiaries, those parties have an interest in ensuring that their right to pursue claims against Mr. Lavallee will not be discharged in Mr. Lavallee's chapter 7 case.

Ms. Makara also satisfies the second element of the Fed. R. Civ. P. 24(a)(2) analysis. There is "a realistic threat that the disposition of the action will impede [her] ability to protect

9

that interest" because if the objections to discharge and dischargeability are abandoned and the claims of Philip's estate against Mr. Lavallee are discharged, Mr. Lavallee will not be held accountable for his alleged wrongdoings.

Because Mr. Lee has decided not to pursue the objections to discharge and dischargeability in this adversary proceeding, Ms. Makara has shown under the third element of the Fed. R. Civ. P. 24(a)(2) analysis that her position is not adequately represented by an existing party. "[W]here the intervenor's ultimate objective matches that of the named party, a rebuttable presumption of adequate representation applies," *Kellogg*, 440 F.3d at 546, which is "at its most onerous when an existing party is under a legal obligation to represent the interests asserted by the putative intervenor," *In re Thompson*, 965 F.2d 1136, 1142 (1st Cir. 1992). Ms. Makara must therefore make "a compelling showing of inadequate representation," *In re Thompson*, 965 F.2d at 1142, while the court "must assess adequacy of representation in light of the issues at stake in the particular litigation." *See Patch*, 136 F.3d at 208. The United States Court of Appeals for the First Circuit has "stressed the case-specific nature of this inquiry, and [has] discouraged district courts from identifying only a limited number of 'cubbyholes' for inadequate representation claims." *Kellogg*, 440 F.3d at 546 (internal citations omitted); *see also Costa v. Marotta, Gund, Budd, & Dzera, LLC*, 2008 U.S. App. LEXIS 12742, *9 (1st Cir. 2008) (noting that adversity of interest, collusion and nonfeasance are not the only grounds for rebutting the presumption of adequate representation).

Ms. Makara has made such a showing. Mr. Lee is a fiduciary who "owes an undivided loyalty to the estate's beneficiaries and must administer the estate for their sole benefit." *See* Mass. Gen. Laws ch. 190B, § 3-703(a); Nancy E. Dempze, § 9.3, Powers and Duties of the

Personal Representative, Massachusetts Probate Manual (3d ed. 2012 & Supp. 2014). But he has refused to prosecute this adversary proceeding. Ms. Makara and Mr. Lavallee agree that this is the current state of affairs; what they disagree on is whether Mr. Lee's lack of participation leaves Philip's estate and its beneficiaries without any party to represent their interests in seeking denial of discharge of some or all of Mr. Lavallee's debts. I find that it does. *See Jones v. Prince George's County*, 348 F.3d 1014, 1019-20 (D.C. Cir. 2003) (concluding that "an existing party who is ineffectual, incompetent, or unwilling to raise claims or arguments that would benefit the putative intervenor may qualify as an inadequate representative in some cases").

Ms. Makara has thus met her burden to satisfy the elements of Fed. R. Civ. P. 24. While I need go no further in this analysis, I nevertheless note that Mass. Gen. Laws ch. 230, § 5 provides additional support for Ms. Makara's intervention.

Under Mass. Gen. Laws ch. 230, § 5, "[i]f the fiduciary refuses to bring an action to enforce a claim in favor of the estate, an interested heir, legatee or creditor may bring a civil action to enforce such claim for the estate's benefit." Ray D. Madoff & Elaine M. Moriarty, § 6.5, Removal, Resignation and Death of Fiduciaries, Massachusetts Probate Manual (3d ed. 2012). This statute "simply provides an additional remedy to an heir or legatee," *Siegemund v. Shapland*, 247 F. Supp. 2d 1, (D. Me. 2003), making it unnecessary to seek removal of the current fiduciary before such party can commence a civil action in favor of the estate. *See* Mass. Gen. Laws ch. 230, § 5.

Here, Mr. Lee, the fiduciary, has refused to appear in this adversary proceeding to enforce the claims asserted in the complaint. Chapter 230, § 5 makes explicit the conclusion arrived at by means of the Fed. R. Civ. P. 24(a)(2) analysis—that because the interests of the

11

beneficiaries of Philip's estate are not adequately represented due to Mr. Lee's refusal to appear, Ms. Makara, as beneficiary, may enforce the discharge and dischargeability claims for the benefit of Philip's estate. *See Heavey v. Maloof*, 453 Mass. 259, 263–64 (Mass. 2009) (contemplating that court-appointed fiduciary's refusal or inability to bring suit against a third party would "trigger authority" for estate beneficiary to do so under Mass. Gen. Laws ch. 230, § 5); *cf. Harhay v. Starkey*, No. 08-CV-30229, 2010 U.S. Dist. LEXIS 45473, at *15 (D. Mass. May 10, 2010) (finding unpersuasive the argument that "Massachusetts law exclusively vests the right to sue for the benefit of an estate in its fiduciary" because Mass. Gen. Laws ch. 230, § 5 allows heirs and others to bring suit); *Walsh v. Mullen*, 314 Mass. 241, 245 (Mass. 1943) (noting as a part of its discussion of Mass. Gen. Laws ch. 230, § 5 the holding in *Jones v. Jones*, 297 Mass. 198 (Mass. 1937) that beneficiaries of a trust could bring an action against trustees and another beneficiary "to recover an alleged illegal payment made to that beneficiary by the trustees").

Because Ms. Makara may intervene to pursue the claims contained in the complaint on behalf of Philip's estate, the motion to dismiss for lack of subject-matter jurisdiction will be denied.

Conclusion

The court shall enter separate orders consistent with this memorandum denying the motion to dismiss and allowing the motion to intervene.

Dated: August 20, 2015

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing: Francis Fennessey, Esq.
Charlton, MA
for the plaintiff

James Ehrhard
Ehrhard & Associates, P.C.
Worcester, MA
for the defendant